UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARVIN HOLMES,

                         Petitioner,

              -against-

MARK MILLER,

                         Respondent.

22-CV-6388 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner, who is currently incarcerated at Green Haven Correctional Facility, brings this *pro se habeas corpus* petition challenging his 2008 conviction in the New York Supreme Court, New York County. By order dated July 27, 2022, the Court granted Petitioner's request to proceed *in forma pauperis* (IFP). The Court directs Petitioner to file a declaration within 60 days of the date of this order showing cause why this application should not be denied as time barred.

## DISCUSSION

### A.    Applicable Statute of Limitations

Petitioner's application may be time barred. A prisoner seeking *habeas* relief under § 2254 must generally file a petition within one year from the latest of four benchmark dates: (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the constitutional right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; or (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)-(2).

Petitioner was convicted on June 18, 2008, in the New York Supreme Court, New York County.[1] Court records indicate that on March 3, 2011, the New York Supreme Court Appellate Division, First Department, affirmed the conviction, *People v. Holmes*, 82 A.D.3d 441 (1st Dep't 2011), and the New York Court of Appeals denied leave to appeal on May 26, 2011, 16 N.Y.3d 895. Petitioner's conviction consequently became final on or about August 26, 2011, following "the expiration of [the] 90-day period of time to petition for *certiorari* in the Supreme Court of the United States." *Warren v. Garvin*, 219 F.3d 111, 112 (2d Cir. 2000).[2] Petitioner placed this petition in the prison mail collection box on January 10, 2022, more than 10 years after the judgment of conviction became final.[3]

Under the federal *habeas* statute, when postconviction motions are filed before the expiration of the statute of limitations, those motions and related state-court proceedings may toll the statute of limitations. *See* 28 U.S.C. § 2244(d)(2). Postconviction motions filed after the limitations period expires, however, do not start the limitations period anew. "[P]roper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000). Section 2244(d)(2) applies only if a petitioner's postconviction motion was pending within the one-year limitations period.

---

[1] In this petition, Petitioner asserts that he was convicted on June 18, 2018. The date appears to be a typographical error. (ECF 2 ¶ 2.)

[2] Petitioner did not petition for a writ of *certiorari* in the Supreme Court. (*Id.* ¶ 12.)

[3] The Court received the petition on July 26, 2022. The cause of the delay between the date on the petition and the date of its receipt is not clear.

Here, Petitioner alleges that he filed a postconviction motion, under New York Criminal Procedure Law § 440.10, in the New York State courts on November 5, 2014, more than 3 years after his conviction became final. The trial court denied that motion on August 15, 2018. The Appellate Division granted Petitioner leave to appeal, but ultimately affirmed the trial court decision. *People v. Holmes*, 202 A.D.3d 519 (1st Dep't Feb. 10, 2022). The Court of Appeals denied leave to appeal on April 19, 2022. 38 N.Y.3d 1008. (*Id.* ¶¶ 15-20.) Because Petitioner's postconviction proceedings in the New York state courts were commenced after the statute of limitations for a *habeas* petition had expired, they do not appear to have tolled the limitations period. *See* 28 U.S.C. § 2244(d)(2). In response to a prompt on the Court's *habeas corpus* form petition to address any untimeliness in the petition, Petitioner simply asserted, "This does not apply to this petition." (*Id.* ¶ 28.)

**B.      Leave to File Declaration**

The Court directs Petitioner to file a declaration within 60 days of the date of this order stating why this application should not be dismissed as time barred. Petitioner should include in his declaration a listing of the following: (1) the dates on which he filed each of his postconviction collateral state court applications and motions in which he challenged this conviction, including any application for error coram nobis relief, all motions under N.Y. Crim. Proc. Law § 440, and any other postconviction collateral applications and motions; (2) the dates on which the state courts issued decisions as to any of those applications or motions; (3) the dates on which he filed any appeals or applications for leave to appeal from those decisions; (4) the dates on which the state courts issued decisions on those appeals or applications; and (5) the dates on which he received notice of any state court decisions on those applications and appeals.

Petitioner also should allege any facts showing that he has been pursuing his rights diligently and that some extraordinary circumstance prevented him from timely submitting this

3

petition. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (holding that one-year limitations period under § 2244(d) for *habeas corpus* petitions under 28 U.S.C. § 2254 is subject to equitable tolling in appropriate cases).

## CONCLUSION

Petitioner is directed to file a declaration within 60 days of the date of this order showing why the petition should not be dismissed as time barred. A declaration form is attached to this order. If Petitioner timely files a declaration, the Court will review it, and if further pleadings are warranted, will order the Respondent to answer. If Petitioner fails to comply with this order within the time allowed, and cannot show good cause to excuse such failure, or if the declaration is insufficient to demonstrate that the petition was timely filed, the Court will deny the petition as time barred. No answer shall be required at this time.

Because Petitioner has not at this time made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   July 29, 2022
        New York, New York

                                          /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                  Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or
petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

Write the first and last name of each defendant or
respondent.

## DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ ,   declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

Rev. 10/3/16

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

_____

Executed on (date)                              Signature

Name                                            Prison Identification # (if incarcerated)

Address                         City            State       Zip Code

Telephone Number (if available)                 E-mail Address (if available)