USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/8/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARVIN HOLMES,

                Plaintiff,

-against-

MARK MILLER, *Superintendent, Green Haven Correctional Facility*,

                Defendants.

1:22-cv-06388-MKV

**ORDER ADOPTING REPORT AND RECOMMENDATION**

---

MARY KAY VYSKOCIL, United States District Judge:

    Marvin Holmes, proceeding *pro se*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on July 26, 2022. *See* Petition for Writ of Habeas Corpus [ECF No. 2]. On January 17, 2023, the Court referred the petition to Magistrate Judge Sarah Netburn. *See* Order Referring Case to Magistrate Judge [ECF No. 13].

    On July 11, 2023, Magistrate Judge Netburn issued a thorough Report and Recommendation ("R&R") recommending that the Court deny Petitioner Marvin Holmes' petition in its entirety, decline to issue a certificate of appealability, and certify pursuant to 28 U.S.C. § 1915(a) that any appeal would not be taken in good faith. *See* Report and Recommendation [ECF No. 15] ("R&R").

    The parties had fourteen days to file objections. *See* 28 U.S.C. § 636 (b)(1); Fed. R. Civ. P. 72(b)(2); R&R 8. None were filed. When there are no objections, the Court reviews the R&R for clear error. *See, e.g.*, *Urena v. People of State of New York*, 160 F. Supp. 2d 606, 609–10 (S.D.N.Y. 2001) ("To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985))).

The Court has reviewed the R&R for clear error. The Court finds none and agrees with Magistrate Judge Netburn that the petition is time-barred, and that Mr. Holmes is not entitled to equitable tolling or the actual innocence exception. The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year statute of limitations on applications for a writ of habeas corpus brought pursuant to the judgment of a state court. *See* 28 U.S.C. § 2244(d). Here, Holmes' petition was brought outside of that one-year period, and indeed, more than ten years after his conviction became final. *See People v. Holmes*, 16 N.Y.3d 895, 949 N.E.2d 979, 926 N.Y.S.2d 31 (N.Y. 2011) (denying application for leave to appeal). Moreover, Holmes is not entitled to equitable tolling because, even assuming that his counsel failed to inform him when his conviction became final, "[p]roblems such as . . . insufficiency of legal assistance are not 'extraordinary' such that they warrant equitable tolling of the AEDPA limitation period." *Martinez v. Kuhlmann*, No. 99-CV-1094, 2000 WL 622626, at *3 (S.D.N.Y. May 15, 2000); *see also Holland v. Florida*, 560 U.S. 631, 651–52 (2010) ("'[A] garden variety claim of excusable neglect' . . . does not warrant equitable tolling."). Finally, Holmes does not "show that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt," precluding application of the actual innocence exception in this case. *Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 114 (2d Cir. 2000) (citation omitted).

The Court therefore adopts the R&R in its entirety as the opinion of the Court. The habeas corpus petition is DENIED. Finding that Mr. Holmes has not demonstrated a denial of a constitutional right, a certificate of appealability is DENIED. The Court further certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and *in forma pauperis* status is therefore denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully requested to close this case.

**SO ORDERED.**

**Date:  August 8, 2023**
      New York, NY

_____
**MARY KAY VYSKOCIL**
**United States District Judge**