UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARVIN HOLMES,

                Plaintiff,

-against-

MARK MILLER, *Superintendent, Green Haven Correctional Facility*,

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/20/2023

1:22-cv-06388-MKV

**ORDER DENYING MOTION FOR RECONSIDERATION**

MARY KAY VYSKOCIL, United States District Judge:

    Marvin Holmes ("Petitioner"), proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on July 26, 2022. [ECF No. 2]. On January 17, 2023, the Court referred the petition to Magistrate Judge Sarah Netburn. [ECF No. 13]. On July 11, 2023, Magistrate Judge Netburn issued a Report and Recommendation ("R&R") recommending that the Court deny the petition in its entirety, decline to issue a certificate of appealability, and certify pursuant to 28 U.S.C. § 1915(a) that any appeal would not be taken in good faith. [ECF No. 15]. A copy of the R&R was mailed to Petitioner on July 12, 2023. On August 8, 2023, following the statutory fourteen-day period to file objections, during which no party filed objections, and after careful review of the petition and the R&R and finding no clear error, the Court adopted the R&R in its entirety as the opinion of the Court. [ECF No. 16 ("Order")]. The Court denied the habeas petition, denied a certificate of appealability, and certified pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore denied *in forma pauperis* status for the purpose of an appeal. A copy of the Court's Order was mailed to Petitioner on August 9, 2023.

    Later on the same day the Court issued its Order, Petitioner filed untimely objections to the R&R. [ECF No. 18 ("Pet. Obj.")]. Thereafter, on August 25, 2023, Petitioner filed a motion for

reconsideration of the Court's Order and judgment denying his habeas petition. [ECF No. 19 ("Pet. Mot.")]. On August 31, 2023, Petitioner filed a notice of appeal from the Court's Order.[1] [ECF No. 20].

Under Federal Rule of Civil Procedure 72(b)(2), a party may, within fourteen days, "serve and file specific written objections to the proposed findings and recommendations" of a magistrate judge. Fed. R. Civ. P. 72(b)(2). Three additional days are added to the fourteen-day period when, as here, the plaintiff is served with the R&R by mail. *See* Fed. R. Civ. P. 6(d). Here, Petitioner's objections were untimely, having been filed twenty-eight days after the R&R was issued.[2]

"[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision." *F.D.I.C. v. Hillcrest Assocs.*, 66 F.3d 566, 569 (2d Cir. 1995). Therefore, even when untimely objections to a magistrate judge's R&R are received *before* a district court issues an order adopting the R&R, the district court may still review the R&R for clear error. *See Silver v. Salessandro*, No. 15CV3462ARRST, 2019 WL 6173398, at *1 (E.D.N.Y. Nov. 20, 2019) (reviewing R&R for clear error, despite untimely objections received from *pro se* plaintiff); *Ramon v. Corp. City of New York*, No. 17-CV-2307(KAM), 2019 WL 1306061, at *2 n.4 (E.D.N.Y. Mar. 21, 2019).

However, the Court may extend special solicitude to *pro se* litigants, including where, for example, a party made efforts to timely file objections to an R&R notwithstanding his status as an incarcerated, *pro se* litigant. *See, e.g.*, *Blunt v. Perez*, No. 14CIV2333ATGWG, 2019 WL 1745364, at *1 (S.D.N.Y. Apr. 18, 2019) (considering untimely objections to R&R when mailed

---

[1] Petitioner's notice of appeal does not deprive the Court of jurisdiction to consider his motion for reconsideration. *See* Fed. R. App. P. 4(a)(iv).

[2] Petitioner's motion for reconsideration was timely, having been filed seventeen days after the Court's Order and entry of judgment. *See* Local Civil Rule 6.3 (providing for fourteen days in which to move for reconsideration); Fed. R. Civ. P. 6(d) (adding three days to the time to file motion papers where service is made by mail).

2

by *pro se* party within statutory period). Petitioner claims in his motion for reconsideration that he received the Court's Order and judgment by mail on July 17, 2023. *See* Pet. Mot. 5. His objections to the R&R were notarized on July 28, 2023, within the applicable statutory timeframe. *See* Pet. Obj. 12. However, Petitioner's objections were not postmarked until August 1, 2023. *See id.* at 14. Nonetheless, affording Petitioner the special solicitude due *pro se* parties, the Court will consider Petitioner's untimely objections to the R&R on his motion for reconsideration. *See, e.g.*, *United States v. Crawford-Bey*, No. 1:08-CR-00029-JGM-1, 2014 WL 1778415, at *1 (D. Vt. May 5, 2014) (permitting *pro se* petitioner to file a motion for reconsideration in the alternative to untimely objections to an R&R).

When specific objections are made to an R&R, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see Phillips v. Reed Grp., Ltd.*, 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013). "However, objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition will not suffice to invoke *de novo* review of the magistrate's recommendations." *Vega v. Artuz*, No. 97CIV.3775LTSJCF, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002). In such a case, a district court need only find that there is no clear error to adopt the R&R. *See Rajapakse v. Shaw*, No. 20-CV-10473 (VEC), 2022 WL 1102406, at *2 (S.D.N.Y. Apr. 13, 2022).

Here, Petitioner's objections simply rehash arguments that he set forth in his original habeas petition. Petitioner objects to the R&R on the basis that (1) DNA found at the crime scene was exculpatory; (2) the identity of the DNA was crucial for impeachment purposes; (3) the DNA was *Brady* material that should have been disclosed; (4) failure to disclose the alleged *Brady* material deprived Petitioner of due process; and (5) Petitioner's inability to present the DNA

3

evidence resulted in an unfair trial in violation of due process. Pet. Obj. 1, 4–12. Petitioner also objects to the R&R's finding that his petition was time-barred. *See id.* at 1–4. These arguments were thoroughly raised before, considered by, and rejected by Magistrate Judge Netburn in the R&R. *See* R&R 3–7. Indeed, Petitioner concedes that "some, if not all, relevant assertions and/or contentions here in these objections were thoroughly litigated in Petitioner's Reply." Pet. Obj. 1.

Thus, the Court again reviews the R&R for clear error. Once again, on reconsideration, the Court finds none. *See* Order 2. The Court concludes that Petitioner's objections would not have altered the Court's decision to adopt the R&R in full. Accordingly, Petitioner's motion for reconsideration is DENIED. The Clerk of Court is respectfully requested to terminate the motion pending at docket entry 19.

**SO ORDERED.**

Date:  **November 20, 2023**
       **New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**